IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLAUDIO GONZALES,

    Plaintiff,

v.

MOLLY MACKOWITZ and
SAFECO INSURANCE COMPANY,

    Defendants.

## NOTICE OF REMOVAL

Defendants, Molly Mackowitz ("Mackowitz) and Safeco Insurance Company of America, erroneously identified as Safeco Insurance Company, ("Safeco") (collectively "Defendants"), by and through their undersigned counsel of record, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice of the removal of this action from the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2016-07623, to the United States District Court for the District of New Mexico, and state as follows:

### I. INTRODUCTION

1. On December 6, 2016, Plaintiff, Claudio Gonzales ("Plaintiff" or "Gonzales"), commenced this action by filing his Complaint to recover damages for breach of contract, and insurance bad faith, breach of covenant of good faith and fair dealing in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2016-07623 against Defendants. *See* Plaintiff's Complaint, attached hereto as Exhibit A.

2. According to the Complaint, on or about October 1, 2014, Plaintiff was involved in a motor vehicle collision with an underinsured motorist. Plaintiff claims that as a result of the accident, he sustained bodily injuries and damages. Plaintiff also claims that the alleged

tortfeasor's insurance carrier paid the limits of the auto liability insurance coverage in the amount of $25,000. *Id.*, ¶¶ 6-7.

3. Safeco issued a policy of insurance to Plaintiff. *Id.*, ¶ 4. Upon information and belief, the policy provided $100,000 in underinsured motorist ("UIM") coverage.

4. Plaintiff claims that the above referenced Safeco policy is triggered for his accident and that his claims exceed the value of 25,000, the alleged tortfeasor's auto liability limits.

5. Additionally, Plaintiff claims that following the motor vehicle accident, he made a claim for UIM benefits under the Safeco policy of insurance, but Safeco failed to make a reasonable offer to settle Plaintiff's claims, failed to pay the remaining policy limits of $75,000 (100,000 UIM coverage minus 25,000 in liability amount received), failed to arbitrate and failed to mediate this matter. *Id.*, ¶¶ 8, 12-14, 16-17 and 19.

6. Plaintiff alleges that Defendants breached the Safeco policy of insurance with Plaintiff willfully, recklessly and without regard for the rights of Plaintiff, and breached their duty of good faith and fair dealing. *Id.*, ¶¶ 20-21.

## II.   DIVERSITY JURISDICTION

7. In his Complaint, Plaintiff asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the

allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

### A. Complete Diversity of Citizenship Exists.

9. As alleged in his Complaint, Plaintiff is a resident of the State of New Mexico. *See* Complaint ¶ 1.

10. Mackowitz is an employee of Safeco and is a resident of Spokane County, Washington.

11. Safeco is incorporated under the laws of the State of Wisconsin and maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, and thus, is deemed to be a citizen of Wisconsin and Massachusetts. 28 U.S.C. § 1322(c)(1).

12. For purposes of federal diversity jurisdiction, the parties are completely diverse.

### B. The Amount in Controversy Exceeds $75,000.

13. Although Defendants contest liability and damages, Plaintiff seeks a monetary judgment against Defendants that, upon information and belief, exceeds $75,000. Plaintiff claims that he sustained personal injury damages. *See* Complaint. Plaintiff sought $75,000.00 to resolve the UIM claim for damages as a result of the subject motor vehicle accident before he filed suit. In his Complaint, Plaintiff admits that he sought $75,000 in UIM benefits on November 3, 2015, and alleges that his damages exceed these policy limits. *See* Complaint, ¶ 8. In addition to his claim for actual UIM damages in the amount of $75,000, Plaintiff now seeks damages for breach of contract and bad faith including exemplary and punitive damages that "will deter Defendants and others from such wrongful conduct in the future and punish

Defendants for its behavior alleged in this Complaint". *Id.*, at pages 3-4. Plaintiff further seeks pre- and post-judgment interest. *See id.*, at page 4. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

## II.   VENUE

15. Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

## IV.   COMPLIANCE WITH THE RULES

16. All procedural requirements related to the removal of this action have been satisfied.

17. True and correct copies of "all process, pleadings, and orders served upon" Defendants in the state court action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a), D.N.M.LR-Civ. 81.1(a).

18. Defendants are timely in filing this Notice of Removal within thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth claims for relief. *See* 28 U.S.C. § 1446(b), Exhibit A.

19. Mackowitz has not been served with the Complaint but all Defendants have consented to the removal.

20. Defendants have filed a Notice of Filing of Notice of Removal in the pending state court action in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2016-07623, which is attached hereto as Exhibit B. *See* 28 U.S.C. § 1446(a).

21. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff as specified in the certificate of service. 28 U.S.C. § 1446(d).

22. Pursuant to Fed.R.Civ.P. 81(c), Safeco will present its defenses by pleading at the time prescribed therein and specifically reserves its right to assert all defenses.

WHEREFORE, Defendants, Molly Mackowitz and Safeco Insurance Company of America, respectfully request that the action now pending in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2016-07623, be removed therefrom to this Court and that all further proceedings be had in this Court.

Respectfully Submitted,

SIMONE, ROBERTS & WEISS, P.A.


/s/ Meena H. Allen
MEENA H. ALLEN
1700 Louisiana Blvd., N.E., Suite 240
Albuquerque, NM  87110
(505) 298-9400
mallen@srw-law.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Narciso Garcia Jr.
Garcia Law Office, LLC
2033 San Mateo Blvd., NE
Albuquerque, NM 87110
(505) 265-5010
narcisolaw@aol.com

*Attorneys for Plaintiff*

/s/ Meena H. Allen
Meena H. Allen